STATE OF NORTH CAROLINA v. RANDOLPH WIDEMON Alias
RANDOLPH WILLIAMS

No. 7527SC9

(Filed 18 June 1975)

1. Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis

A witness's in-court identification of defendant was based on the witness's observation of defendant as he ran within 8 or 10 feet of the witness immediately after the shooting in question, and the identification was not the result of an illegal and impermissibly suggestive confrontation between the witness and defendant at the police station on the morning following the shooting.

2. Criminal Law § 84; Searches and Seizures § 1— trespasser — standing to question validity of search

Defendant was without standing to question the validity of a warrantless search of the house where defendant was arrested since defendant was a trespasser therein.

3. Criminal Law § 96— reference to defendant as prison escapee — withdrawal of evidence

The unexpected and volunteered statement of incompetent evidence by a witness making reference to the fact that defendant was a prison escapee was rendered harmless to defendant by the prompt and emphatic action of the trial judge in withdrawing the evidence from the consideration of the jurors and instructing them to disregard it.

4. Homicide § 21— first degree murder in attempt to commit armed robbery — sufficiency of evidence

Evidence was sufficient to warrant a jury finding defendant was engaged in an attempted armed robbery when the fatal shots were fired, and so the trial court did not err in overruling defendant's motions for nonsuit as to the first degree murder charge; furthermore, the jury's action in finding defendant guilty of second degree murder rendered harmless any error, if any was committed, in submitting to the jury the question of defendant's guilt of the more serious offense, at least absent some showing that the verdict of guilty of the lesser offense was affected thereby.

APPEAL by defendant from *Hasty, Judge*. Judgment entered 5 September 1974 in Superior Court, GASTON County. Heard in the Court of Appeals 17 March 1975.

In separate indictments defendant was charged with the first-degree murder and attempted armed robbery of Otis Parr. Defendant pled not guilty to each charge and the cases were consolidated for trial.

The State's evidence in summary shows: Otis Parr operated a grocery store on Union Road in Gaston County. About 7:30 p.m. on 8 May 1974 the State's witness, David Goodson, was working on a truck parked across the road from the store. He heard two gunshots and heard Parr call for help. Looking into the store, Goodson saw Parr and another man fall to the floor fighting inside the store. Goodson then heard three more shots and saw the man run from the store, brandishing a pistol. The man, whom Goodson identified at the trial as the defendant, went past Goodson, passing within eight to ten feet from him, and ran into some woods near the store. Parr died that night as result of .22 caliber gunshot wounds.

Early next morning officers of the Gaston County Rural Police, while searching a vacant house approximately two miles from Parr's store, found defendant inside. He was sitting on the floor next to a padded chair, the only piece of furniture in the house. After arresting defendant, the officers searched the house and found a .22 caliber pistol stuffed into the back of the chair. At the police headquarters defendant gave a statement in which he admitted shooting Parr.

Defendant did not introduce evidence.

The court, finding that the charge of attempted armed robbery was merged into the first-degree murder charge, submitted to the jury only the issues as to defendant's guilt or innocence of first-degree murder and the lesser included offenses of second-degree murder and manslaughter. The jury found defendant guilty of murder in the second degree, and from judgment sentencing defendant to prison for a term of thirty years, to commence at the expiration of a sentence previously imposed upon defendant in Guilford County on 27 October 1972, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Donald A. Davis for the State.*

*Joseph B. Roberts III for defendant appellant.*

PARKER, Judge.

[1] Defendant challenges the admissibility of Goodson's in-court identification testimony on the ground that it was the result of an illegal and impermissibly suggestive confrontation between the witness and defendant at the police station on the

morning following the shooting. No evidence concerning this confrontation was admitted before the jury. Before admitting Goodson's in-court identification testimony, the judge conducted an extensive voir dire examination, at the conclusion of which he entered an order making detailed factual findings both concerning the circumstances under which the pretrial confrontation occurred and concerning the circumstances under which the witness had observed defendant at the scene of the crime. Based on these detailed findings, the judge found and concluded that "[i]t is clear and convincing from the evidence that Goodson's in-court identification of the defendant originated solely upon Goodson's observation of the defendant at the scene of the alleged crime and was independent of any confrontation or show up procedure at the police station."

Even had there been any illegal or impermissibly suggestive procedures in connection with the pretrial confrontation at the police station, and the trial judge found none, the in-court identification testimony was rendered competent by the above-quoted finding. "It is well established that the primary illegality of an out-of-court identification will render inadmissible the in-court identification unless it is first determined on voir dire that the in-court identification is of independent origin." *State v. Henderson,* 285 N.C. 1, 12, 203 S.E. 2d 10, 18 (1974). Here, the trial judge's determination that Goodson's in-court identification was of independent origin was supported by competent evidence. It is, therefore, binding on this appeal. *State v. Tuggle,* 284 N.C. 515, 201 S.E. 2d 884 (1974). There was no error in admitting Goodson's in-court identification testimony.

[2] Defendant next contends that the court erred by admitting in evidence the pistol which the officers found by a warrantless search of the house where defendant was arrested. Defendant, a trespasser in the house, has no standing to question the validity of that search. *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441 (1972); *State v. Jennings,* 16 N.C. App. 205, 192 S.E. 2d 46 (1972); Annot., 78 A.L.R. 2d 246, § 8 (1961).

[3] In an unresponsive answer to a question on direct examination, one of the State's witnesses, a police officer, stated:

"We were looking for Mr. Widemon in reference to his being an escapee and—"

Defense counsel then objected and moved to strike. The court promptly sustained the objection and motion and emphatically

instructed the jurors not to consider the witness's answer but to erase it from their thoughts. Based on this incident, defendant moved for a mistrial, which motion was denied. In this we find no error. The unexpected and volunteered statement of incompetent evidence by the witness was rendered harmless to defendant by the prompt and emphatic action of the trial judge in withdrawing the evidence from the consideration of the jurors and instructing them to disregard it. *State v. Hamer,* 240 N.C. 85, 81 S.E. 2d 193 (1954).

[4] Defendant assigns error to the denial of his motions for nonsuit. In this connection he contends that there was insufficient evidence to support a jury finding that he was engaged in an attempted armed robbery when the fatal shots were fired. The trial judge did not submit the attempted armed robbery charge to the jury as a separate offense, ruling that this charge was merged into the felony murder charge as being the element which the State relied upon to raise the offense to the first degree. Defendant's assignment of error and his contentions concerning the denial of his motions for nonsuit are, therefore, presently pertinent only insofar as they relate to the charge of first-degree murder. Applying the well-established rule that on motion for nonsuit in a criminal case the evidence must be considered in the light most favorable to the State and the State must be given the benefit of every reasonable inference which may be legitimately drawn from the evidence, we find the evidence in the present case sufficient to warrant a jury finding defendant was engaged in an attempted armed robbery when the fatal shots were fired. Therefore, we find no error in the court's overruling defendant's motions for nonsuit as to the first-degree murder charge. Furthermore, the jury's action in finding defendant guilty of second-degree murder rendered harmless any error, if any was committed, in submitting to the jury the question of defendant's guilt of the more serious offense, at least absent some showing that the verdict of guilty of the lesser offense was affected thereby. *State v. Sallie,* 13 N.C. App. 499, 186 S.E. 2d 667 (1972). Defendant has not shown that his conviction was affected in any way by the jury's consideration of his possible guilt of the more serious offense.

Defendant assigns error to a portion of the court's charge to the jury in which the court referred to the house in which defendant was found on the morning after the shooting as a house "which appeared to have been abandoned." He contends

this characterization of the house was not supported by the evidence and that he was prejudiced thereby. We do not agree. On the voir dire examination, the arresting officer did describe the house as "an abandoned house." Although no such express description was used by any witness before the jury, evidence was admitted before the jury that the house was a four-room frame house in which "there was no furniture except one old padded chair located in the back room of the house." Defendant suffered no prejudicial error when the judge referred to the house as an abandoned house.

Defendant assigns as error that the court failed to charge the jury adequately as to which acts of the defendant would have amounted to an attempted armed robbery. Any error in this connection, and we find none, would be rendered harmless by the verdict rendered.

We have carefully examined all of defendant's remaining assignments of error and find no prejudicial error. Read contextually and as a whole, the court's instructions to the jury clearly and correctly applied the law arising on the evidence in this case. There was no error in failing to charge as to excusable homicide by accident or misadventure, as there was no evidence in this case to raise any question of accident or misadventure.

In defendant's trial and in the judgment appealed from, we find

No error.

Chief Judge BROCK and Judge ARNOLD concur.